UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HALJOHN-SAN ANTONIO, INC. *individually and d/b/a/McDonald's,* | § § § § § § § § § § § § | |
| *Plaintiff and counter defendant,* | | |
| v. | | Civil Action No. 3:20-CV-01140-X |
| MARIA E. RAMOS | | |
| *Defendant and counter claimant.* | | |

## MEMORANDUM OPINION AND ORDER

Haljohn-San Antonio, Inc. (Haljohn) filed this petition seeking to confirm an arbitration award. Maria Ramos filed a counter claim to vacate the award. Haljohn filed a Motion to Confirm Arbitration Award and a Motion to Dismiss Vacatur Counterclaim [Doc. No. 9]. Ramos responded by filing a Motion to Set Aside Arbitration Award [Doc. No. 12]. For the reasons below, the Court **GRANTS** the Motion to Dismiss Vacatur Counterclaim, **DENIES** the Motion to Set Aside Arbitration Award, and **GRANTS** the Motion to Confirm Arbitration Award.

### I. Factual Background

Haljohn operates a McDonald's in San Antonio. Ramos is a former employee at the McDonald's and was allegedly injured on the job. Ramos filed a personal injury lawsuit in the Bexar County Court. Pursuant to a binding arbitration agreement, the state court judge granted Haljohn's motion to compel arbitration and abated the case pending arbitration.

1

The parties participated in arbitration in front of a Dallas arbitrator. On January 14, 2020, the arbitrator issued a final order disposing of all claims. On May 6, 2020, Haljohn filed this petition to confirm the arbitration award. On June 1, 2020, Ramos answered and, for the first time, articulated a request to vacate the arbitration award.

## II. Legal Standards

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[1] To survive a motion to dismiss, the claimant must allege enough facts "to state a claim to relief that is plausible on its face."[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[4] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'"[5]

---

[1] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2020).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[5] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)).

### B. Arbitration Confirmation

Pursuant to 9 U.S.C. § 9, the Federal Arbitration Act, confirmation of an arbitration award is only appropriate when "the parties in their agreement have agreed that a judgment of the court shall be entered upon the award." The Federal Arbitration Act further directs courts to confirm arbitration awards unless the award is vacated, modified, or corrected.[6]

## III. Analysis

### A. Jurisdiction

The arbitration agreement states that "[t]he judgment or the award rendered by the arbitrator may be entered in any court having jurisdiction thereof."[7] The parties are diverse, the amount in controversy exceeds $75,000, and the arbitration occurred in Dallas, Texas.[8] Therefore, the Court has jurisdiction and proper venue under the Federal Arbitration Act to confirm an award.[9] However, this suit was first filed in Bexar County Court, where it remains stayed pending arbitration. Ramos argues that the prior state court filing eliminates this Court's jurisdiction to confirm the award. The Court disagrees.

---

[6] 9 U.S.C. § 9 (stating "the court must grant such an order [to confirm]"); *see also Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir. 2004) (stating that judicial review of arbitration decisions is "extraordinarily narrow").

[7] Doc. No. 1, Exhibit A at 32.

[8] Doc. No. 10 at 2, 5.

[9] *See* 9 U.S.C. § 9 ("If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award.").

A federal district court may decline to exercise its jurisdiction because of parallel state-court litigation only in exceptional circumstances; only the clearest of justifications will warrant dismissal.[10]  Far from robbing the Court of jurisdiction, the existence of parallel state-court litigation implicates only prudential concerns. Further, the Supreme Court has held that a district court abuses its discretion to exercise jurisdiction over a motion to compel arbitration where the parties were already involved in parallel state-court litigation, if the exceptional circumstances detailed in *Colorado River* are not present.[11]

Abstention from the exercise of federal jurisdiction is the exception, not the rule.[12]  When considering abstention justified by considerations of "wise judicial administration," the Court considers five factors: whether there is jurisdiction over any res or property, the inconvenience of one forum over another, the desirability of avoiding piece-meal litigation, the order in which jurisdiction was obtained, whether state or federal law will be applied, and whether there is adequate protection available in state court.[13]  "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required."[14]

---

[10] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818–19 (1976).

[11] *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983).

[12] *Colorado River*, 424 U.S. at 813.

[13] *Id.* at 818.

[14] *Id.* at 818–19.

The general categories of abstention described in *Colorado River* are not present in this case, so the only justification for abstention is "wise judicial administration." Here, no property is involved, a federal district court in Dallas is not manifestly inconvenient compared to a Bexar County court, the risk of piece-meal litigation is low because the only matter left for adjudication is confirming the arbitration award, and, because the case revolves around the Federal Arbitration Act, federal law will be applied regardless of the forum. However, there is no reason to doubt the parties will have adequate protection available in state court, and the personal injury case was first filed there. So, four factors weigh in favor of jurisdiction and two against. Considering these factors and the Supreme Court's direction to favor exercising jurisdiction, the Court will exercise jurisdiction over this case.[15]

## B. Vacatur Claim

The Federal Arbitration Act provides exclusive, limited authority for federal court review of an arbitration award.[16] The Act allows a party to an arbitration proceeding to file a Motion to Vacate an arbitration award in a federal district court.[17] In addition to limiting the substantive grounds for pursuing vacatur, the Federal Arbitration Act has strict procedural requirements. "Notice of a motion to vacate,

---

[15] Ramos cites only to *Garber v. Sir Speedy, Inc.*, 930 F. Supp. 267 (N.D. Tex. 1995) (Maloney, J.), *aff'd*, 91 F.3d 137 (5th Cir. 1996), in support of her argument that the Court lacks jurisdiction. In *Garber*, although the factors generally weighed against deferring to parallel state-court litigation via a stay, the Court determined that the Federal Arbitration Act's interest in "rigorous enforcement of agreements to arbitrate" outweighed the general factors and that issuing a stay pending the outcome of state-court litigation was necessary under the case's unique facts to effectuate that policy. *Id* at 271. Considering that arbitration already occurred in this case, those facts and that overriding policy are not applicable here.

[16] *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008).

[17] 9 U.S.C. § 10.

modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."[18]  "A party who fails to timely serve notice of such a motion forfeits his or her right to seek judicial review of the award."[19]

It is undisputed that the arbitrator filed the final arbitration award on January 14, 2020.[20]  It is further undisputed that Ramos first served her request for vacating the award to Haljohn on June 1, 2020.[21]  Because the procedures in the Federal Arbitration Act provide the sole means of judicially reviewing arbitration awards, this request was untimely by almost two months.  And because failure to timely provide notice of a motion to vacate forfeits the right to seek judicial review, Ramos's counter claim for vacatur of the award is time barred.  Therefore, the Court **GRANTS** the motion to dismiss Ramos's counter claim and consequently **DENIES** the Motion to Set Aside Arbitration Award.

### C. Arbitration Award

Upon appropriate motion, the Federal Arbitration Act directs courts to confirm arbitration awards unless the award is vacated, modified, or corrected.[22]  Here, the time to vacate, modify, or correct the award has passed and there are no live claims

---

[18] *Id.* § 12.

[19] *Moore v. Valero Ardmore Refinery*, 2015 WL 129985, at *1 (N.D. Tex. Jan. 9, 2015) (Lynn, J.) (citation omitted).  *See also Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 2003 WL 22056220, at *2–3 (N.D. Tex. Sept. 3, 2003) (Means, J.) (citing *Lander Co., Inc. v. MMP Inv., Inc.*, 107 F.3d 476, 478 (7th Cir. 1997), *cert. denied*, 522 U.S. 811 (1997); *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989), *cert. denied*, 490 U.S. 1107 (1989)).

[20] Doc. No. 1 at 3; Doc. No. 8 at 1.

[21] Doc. No. 8 at 7.

[22] 9 U.S.C. § 9.

to do so.  Accordingly, the Court **GRANTS** the Motion to Confirm Arbitration Award and confirms the award.

### IV. Conclusion

For the forgoing reasons the Court **GRANTS** the Motion to Dismiss Vacatur Counterclaim, **DENIES** the Motion to Set Aside Arbitration Award, and **GRANTS** the Motion to Confirm Arbitration Award.

**IT IS SO ORDERED** this 21st day of December, 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

7